UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

FELIPE MERCEDES,

               Petitioner,

    v.                                               9:12-CV-0687
                                                      (DNH)

SUPERINTENDENT,

               Respondent.
---------------------------------------------------------

APPEARANCES:                         OF COUNSEL:

FELIPE MERCEDES
Petitioner, pro se
2023 Caesar Place
2nd Floor
Bronx, NY 10473

HON. ERIC T. SCHNEIDERMAN        THOMAS B. LITSKY
New York State Attorney General         Ass't Attorney General
120 Broadway
New York, NY 10271

DAVID N. HURD
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    Currently pending is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Pet."). Petitioner argues in his petition that he received ineffective assistance of counsel because (1) counsel failed to file a notice of appeal; (2) counsel failed to pursue a defense that the county court lacked jurisdiction; and

(3) counsel failed to advise petitioner of the immigration consequences of his guilty plea. Pet.'s Mem. of L. at 11-20, Dkt. No. 1-1. Respondent opposes the petition. Resp.'s Mem. of Law in Opp'n to the Pet. for a Writ of Habeas Corpus, Dkt. No. 16. For the reasons below, the petition will be denied and dismissed.

## II.     Effect of Petitioner's Release from Custody

According to publicly available records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), and in petitioner's letter updating his address, petitioner was released from state custody on this conviction on February 28, 2014. *See* Dkt. No. 23; http://nysdoccslookup.doccs.ny.gov. Petitioner's post-release supervision is set to expire on or about February 28, 2019. *See* http://nysdoccslookup.doccs.ny.gov. Regardless of a petitioner's subsequent release, it is within the jurisdiction of a federal court to issue a writ of habeas corpus if the petitioner was "in custody" when his petition was filed. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968). Since petitioner was in custody when he filed his petition, the court retains jurisdiction over the petition.

Subject matter jurisdiction, however, is limited by Article III, Section 2 of the United States Constitution to cases that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for a petition to be granted. *Spencer*, 523 U.S. at 7.

The Supreme Court has stated that a challenge to an underlying conviction itself carries the presumption that a collateral, adverse consequences exists. *Spencer*, 523 U.S.

at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'") (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)); see *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985). Accordingly, this petition does not appear to have been rendered moot by petitioner's release from prison, and thus it will be addressed. *Cobos v. Unger*, 534 F. Supp. 2d 400, 403 (W.D.N.Y. Feb. 14, 2008) (citing *Sibron*, 392 U.S. at 54-56).

## III. RELEVANT BACKGROUND

In a 112 count sealed indictment naming twenty-one individuals, petitioner was charged with one count of conspiracy in the second degree (Count 1); two counts of criminal sale of a controlled substance in the first degree (Counts 72 and 104); two counts of criminal possession of a controlled substance in the first degree (Counts 70 and 102); and two counts of criminal possession of a controlled substance in the third degree (Counts 71 and 103). *See* County Court Decision Denying Pet.'s § 440.10 Motion at 1, Dkt. No 1-2. The indictment was the result of a lengthy investigation by the New York Statewide Organized Crime Task Force, with the assistance of several law enforcement agencies, and alleged that petitioner, along with other defendants, conspired to possess and sell large amounts of cocaine in several counties throughout New York State. *Id.* On August 5, 2010, petitioner was convicted, upon a negotiated guilty plea, of an amended count of criminal possession of a controlled substance in the second degree (Count 102) in full satisfaction of the charges naming him in the indictment. *Id; see also* August 5, 2010 Plea Tr., Dkt. No. 17-9. On November 17, 2010, he was sentenced to a determinate term of imprisonment of six years and five years of post-release supervision. *Id; see also* November 17, 2010 Sent. Tr., Dkt.

No. 17-9. As a condition of the plea, petitioner waived his right to appeal. *Id.* After the expiration of his time to file a Notice of Appeal, petitioner sought permission from the Appellate Division, Fourth Department to file a late notice of appeal. *Id.* That motion, and his subsequent motion to reconsider, were denied. *Id.*

Petitioner filed a motion to vacate the judgment of conviction pursuant to N.Y. C.P.L. § 440.10 ("440.10 Motion"), which alleged that the Cayuga County Court lacked jurisdiction and that petitioner received ineffective assistance of counsel. *See* Pet.'s 440.10 Motion, Dkt. No. 17-8; County Court Decision Denying Pet.'s 440.10 Motion, Dkt. No. 17-10. On November 4, 2011, the motion was denied. The Appellate Division denied petitioner's motion for leave to appeal the denial of petitioner's 440.10 Motion on March 7, 2012. App. Div. Decision Denying Pet.'s Motion for Leave to Appeal, Dkt. No. 17-14. This action followed.

## IV. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 1400 (2011); *Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands

4

that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, __ U.S. __, 131 S. Ct. 1305, 1307 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, __ U.S. __, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011)); *see Metrish v. Lancaster*, __ U.S. __, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 131 S. Ct. at 786-87)).

Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, __ U.S. __, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico*, 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473. Finally, federal habeas courts must presume that the state courts' factual findings are correct unless a

petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).

### B. Ineffective Assistance of Counsel

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the result of the proceedings would have been different, and as a result, petitioner suffered prejudice. *Premo*, 131 S. Ct. at 739; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693-94.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Premo*, 131 S. Ct. at 739-40 (citations and internal quotation marks omitted). When reviewing a state court's decision under § 2254, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted). Federal habeas courts "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)" because "[w]hen § 2254(d) applies, the question is not

6

whether counsel's actions were reasonable." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 788 (2011). Instead, "the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### 1. Failure to File a Notice of Appeal

Plaintiff first claims that trial counsel was ineffective for failing to file a notice of appeal. Pet. at 4. Specifically, he alleges that he "explicitly instructed counsel Brenner to file a notice of appeal. He did so as of the time of the sentencing proceeding, immediately following the court's pronouncement of judgment." Pet.'s Mem. of L. at 12, Dkt. No. 1-1. The Appellate Division's rejection of this claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. An attorney who fails to file a notice of appeal after being instructed to do so is per se ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). However, absent instruction, it is not unreasonable for counsel to forego such filing. *Id*. ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."); *see also Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006). Moreover, an attorney is required to consult with his client regarding an appeal only if: (1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) the particular defendant reasonably demonstrated to counsel that he was interested in appealing and there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, defendant would have timely appealed. *Galviz Zapata v. U.S.*, 431 F.3d 395, 397 (2d Cir. 2005) (citations omitted).

When petitioner entered his plea on August 5, 2010, the court discussed with him the

7

implications of pleading guilty. Plea Tr. at 10, Dkt. No. 17-9. Petitioner stated that he was in possession of more than four ounces of cocaine on the date in question, and petitioner stated that he was pleading guilty voluntarily and upon his own free will. *Id.* Petitioner also stated that he was satisfied with the services of his attorney. *Id.*

At sentencing on November 17, 2010, plaintiff and his attorney completed a Notice of Right to Appeal form, and each signed his name beneath a checked box that reads, "I do not want to appeal."[1] *See* Dkt. No. 17-3 at 8. This form indicated that petitioner had a right to appeal his conviction and that a notice of appeal would need to be filed within thirty days of the sentence. *Id.* At sentencing, the trial court informed petitioner that even though he waived his right to appeal, petitioner still had a right to appeal by filing a notice of appeal within thirty days. Sent. Tr. at 9, Dkt. No. 17-12.

Several months later, petitioner filed a motion for leave to file a late notice of appeal on April 14, 2011. Dkt. No. 17-1. Petitioner alleged that counsel failed to follow his instruction to file a notice of appeal, and did not properly advise him regarding the procedure to file a notice pro se. *Id.* The People's response to petitioner's application to file a late notice of appeal included an affidavit from trial counsel. Dkt. No. 17-2. Trial counsel "strenuously den[ied]" petitioner's allegations that he had instructed trial counsel to file a notice of appeal, and affirmed that petitioner "entered a guilty plea knowingly [sic], intelligently, and voluntarily, and was aware of the sentence he would receive as a result of that plea." *Id.* at 3-4.

Petitioner's sworn statements on the record at sentencing, the Notice of Right to

---

[1] The form also states that petitioner had a right to appeal his conviction and that if he wanted to appeal, a Notice of Appeal must be filed within thirty days of the date of sentence. Dkt. No. 17-3 at 8.

Appeal form, and counsel's sworn statement all support the conclusion that petitioner did not instruct counsel to file a notice of appeal. Petitioner's current conclusory allegations to the contrary are insufficient to establish that counsel was ineffective for failing to file a notice of appeal. Additionally, the Appellate Division denial of application was not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner's claim based on counsel's failure to file a notice of appeal will be dismissed.

### 2. Failure to Pursue a Jurisdictional Defense

Petitioner next claims that trial counsel was ineffective for failing to "contest the Cayuga County Court's jurisdiction" because if trial counsel had "advanced such claim prior to the plea proceeding, the matter would have had to be dismissed." Pet.'s Mem. of L. at 16-17, Dkt. No. 1-1.

Petitioner raised this claim in his 440.10 Motion. *See* Dkt. No. 17-8 at 3-7. The County Court denied petitioner's 440.10 Motion, finding that his contentions were contained on the record, and holding that because petitioner had failed to perfect a timely appeal, his claims were procedurally barred by N.Y. C.P.L. § 440.10(2)(c).[2] *See* Dkt. No. 17-10 at 4. The state court's rejection of Petitioner's claims pursuant to C.P.L. § 440.10(2)(c) rests upon an independent and adequate state ground and federal review of the claim is thus barred. *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008); *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003); *Aparicio v. Artuz*, 269 F.3d 78, 92-93 (2d Cir. 2001). That is true even though the

---

[2] The County Court also held in the alternative that petitioner's claims "lack merit. Cayuga County is a proper venue by reason of the conspiracy exception provided in CPL § 20.40(2)(d). Inasmuch as [petitioner's] jurisdictional claims are without merit, his claim of ineffective assistance of counsel based on that ground is moot." Dkt. No. 17-10 at 4. This holding is not contrary to *Strickland*, 466 U.S. 668.

state court also rejected the claims on other grounds in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

Petitioner's claim is procedurally defaulted absent a showing of cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, __U.S.__, 132 S. Ct. 912, 922 (2012); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Petitioner has failed to allege or establish cause for his failure to raise this claim on direct appeal. Since petitioner has not established cause for his procedural default, it need not be decided whether he suffered actual prejudice. *Murray*, 477 U.S. at 488 (referring to "cause-and-prejudice standard"); *Stepney*, 760 F.2d at 45. Petitioner has also not presented any new evidence that he is "actually innocent" of the crimes for which he was convicted. *See Schlup*, 513 U.S. at 327. The procedural default bars federal review of petitioner's claim.

Based on the foregoing, petitioner's claim based on the alleged failure to raise a jurisdictional defense is procedurally defaulted and therefore will be dismissed.

### 3. **Failure to Advise Petitioner of Immigration Consequences**

Petitioner's final claim is that trial counsel was ineffective because he failed to properly

10

advise petitioner of the potential immigration consequences of his guilty plea. Pet.'s Mem. of L. at 14-17, Dkt. No. 1-1. Specifically, petitioner claims that counsel affirmatively misrepresented "the immigration consequences" of his plea because counsel informed him that he would not be deported as a result of the plea. Traverse at 6, Dkt. No. 19,. These arguments are unexhausted and without merit.

Petitioner raised this claim for the first time in his application for leave to appeal the denial of his 440.10 Motion, in which he argued that counsel was ineffective for failing to correctly advise him, or to advise him at all, "regarding the specific immigration consequences of his guilty plea." Dkt. No. 17-11 at 4-5. Under New York law, consideration before the Appellate Division of leave applications related to the denial of 440.10 motions is discretionary. N.Y. C.P.L. § 450.15 (1) (stating that a "certificate granting leave" is required to appeal an order denying a 440.10 motion). Unfortunately for petitioner, "[r]aising a federal claim for the first time in an application for discretionary review" is insufficient to exhaust the claim unless discretionary review is granted and the claim is addressed on the merits. *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Here, the Appellate Division denied petitioner's leave application, finding that "there is no question of law or fact which ought to be reviewed by this Court[.]" Dkt. No. 17-14. Therefore, this claim remains unexhausted.

Petitioner could still exhaust his claim by filing a successive 440.10 motion. There is no time limit within which an individual must bring a § 440.10 motion, and the statute does not prohibit successive applications. *See* N.Y. C.P.L. § 440.10(1) (stating that a motion to vacate may be made "[a]t any time after the entry of a judgment."). District courts, however,

11

have the discretion to dismiss unexhausted claims on the merits if the claims are "plainly meritless," *Rhines v. Weber*, 544 U.S. 269, 277 (2005), or "patently frivolous," *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006). *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Here, petitioner's claim does not warrant habeas relief under either standard.

To establish ineffective assistance of counsel in the context of a guilty plea, a petitioner must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's deficient performance, the petitioner would not have pleaded guilty and would instead have gone to trial. *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012); *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1409 (2012); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When a guilty plea implicates immigration consequences, counsel must so advise the defendant. *Padilla v. Kentucky,* 559 U.S. 356, 369 (2010). If the potential "deportation consequences of a particular plea are unclear or uncertain, . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Even if a petitioner can establish that counsel was deficient, he must convince the court that a decision to reject a plea offer would have been rational under the circumstances. *Padilla,* 559 U.S. at 372; *see Francis v. United States*, No. 1:12-CV-1362, 2013 WL 673868, at *4 (S.D.N.Y. Feb. 25, 2013) ("In the immigration context, a petitioner must affirmatively prove prejudice by putting forth credible evidence that he would actually have insisted on going to trial had he known of the precise immigration consequences of his conviction."), *appeal dismissed* __ F.

12

App'x __, 2014 WL 1258360 (2d Cir. Mar. 28, 2014).

Here, petitioner presented no evidence in support of his claim either that counsel failed to advise him, or incorrectly advised him, of the specific immigration consequences of his plea. His conclusory allegations, without more, are insufficient. Pet. at 18.[3] In any event, even assuming counsel's performance was deficient, petitioner has not shown that rejecting the plea agreement in this case would have been rational. *Padilla,* 559 U.S. at 372. Nor has he offered any "objective evidence that going to trial would not have resulted in deportation." *Contant v. Sabol*, No. 1:10-CV-3434, 2013 WL 6425006, at *9 (S.D.N.Y. Dec. 6, 2013)

Petitioner admitted that on August 14, 2009, he possessed greater than four ounces of cocaine and that the cocaine was in a vehicle he turned over to a co-conspirator. Plea Tr. at 6-7, Dkt. No. 17-9. Although petitioner claims that his role in the conspiracy was minimal, and his culpability was less than others charged in the indictment, he does not argue that he lied under oath, and his statements during the plea colloquy are properly considered as evidence of his guilt. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *Doe v. Menefee*, 391 F.3d 147, 168 (2d Cir. 2004) ("[T]he district court's discounting of Doe's admission of guilt at his plea allocution was clearly erroneous" where there was no evidence that Doe lied under oath). Petitioner's argument that there is a "reasonable probability" he would have been

---

[3] It is worth noting that at sentencing, counsel explained to the court petitioner's education in the Dominican Republic, and petitioner's intention to continue his education while in prison. Sent. Tr. at 5-6, Dkt. No. 17-12. Counsel stated that doing so would be important "if he's able to stay in this country, and I believe that he might be able to [.]" *Id.* at 6; *see Padilla*, 559 U.S. at 372.

13

acquitted because Cayuga County Court lacked jurisdiction is without merit for the reasons discussed in this decision. Finally, petitioner understood that by pleading guilty, he avoided a possible fourteen year sentence if convicted after a trial. Plea Tr. at 8, Dkt. No. 17-9. The sentence imposed in exchange for his plea was six years in prison followed by five years post-release supervision–less than half of the sentence he faced. Petitioner has "offered no evidence demonstrating why he would have foregone the substantial benefit resulting from his plea and risked a harsher sentence at trial." *Contant,* 2013 WL 6425006, at \*7 (S.D.N.Y. Dec. 6, 2013) (quoting *Francis*, 2013 WL 673868, at \*5) (internal quotation marks omitted).

In sum, petitioner has failed to "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693; *see Contant,* 2013 WL 6425006, at \*9 ("[G]iven the strength of the evidence against [the petitioner], and given his failure even now to assert his innocence or to identify any way in which he could have succeeded at trial, Petitioner 'cannot demonstrate that the case against him could have resulted in anything but eventual deportation, regardless of his decision to plead guilty or to proceed to trial.'") (quoting *Francis*, 2013 WL 673868, at \*4). This portion of petitioner's ineffective assistance of counsel claim will therefore be denied and dismissed.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. The petition, Dkt. No. 1, is **DISMISSED**;

2. No certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to

28 U.S.C. § 2253(c)(2);[4] and

    3. The Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

    IT IS SO ORDERED.

                                                                United States District Judge

Dated: June 16, 2014
       Utica, New York.

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation") (citation omitted)).